Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back  Location : All Courts  Help

# REGISTER OF ACTIONS
## CASE NO. 103529-CV

| | | | | |
|---|---|---|---|---|
| **Mike Jones vs. GeoVera Specialty Insurance Company** | | § § § § § | Case Type: | **Contract - Consumer/Commercial/Debt** |
| | | | Date Filed: | **06/28/2019** |
| | | | Location: | **149th District Court** |

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| **Defendant** | **GeoVera Specialty Insurance Company** | | **Rhonda J. Thompson**<br>*Retained*<br>214-871-8200(W) |
| **Plaintiff** | **Jones, Mike** | | **Maria Gerguis**<br>*Retained*<br>713-655-1405(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 06/28/2019 | **Original Petition (1-10 Plaintiffs) (OCA)** | | |
| 06/28/2019 | **Case Information Sheet** | | |
| 06/28/2019 | **Request** | | |
| 06/28/2019 | **Docket Sheet** | | |
| 07/03/2019 | **Citation** | | |
| | GeoVera Specialty Insurance Company | Served | 07/08/2019 |
| 07/10/2019 | **Service Returned** | | |
| 08/01/2019 | **Answer with Jury Fee** | | |
| 08/01/2019 | **Jury Fee Paid** | | |

**EXHIBIT 2**

Service I.D. No. 153954

CAUSE NO. 103529-CV
149th District Court

THE STATE OF TEXAS                                                                                    CITATION

TO:  Geovera Specialty Insurance Company                                              Defendant
     By serving the Texas Department of Insurance:
     P.O. Box 149104
     Austin, Texas 78714-9104
     The Texas Department of Insurance shall then forward, via CMRRR to
     GEOVERA Specialty Insurance Company
     1455 Oliver Road
     Fairfield, California 94534

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Room 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **28th day of June, 2019**. It bears Cause No. **103529-CV** and Styled:

**Mike Jones**
vs.
**GeoVera Specialty Insurance Company**

The name and address of the Attorney filing this action, (or Party, if Pro Se) is **Maria Gerguis, Daly & Black, P.C., 2211 Norfolk St., Suite 800, Houston, TX 77098.**

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this Citation.

Issued under my hand and the seal of said Court, at Angleton, Texas, on the **3rd day of July, 2019**.

**RHONDA BARCHAK, DISTRICT CLERK**
Brazoria County, Texas

By _____, Deputy
   Brandi Anderson

Citation by Secretary of State

**SERVICE COPY**

Filed for Record
6/28/2019 3:45 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
103529-CV
Brandi Anderson, Deputy

CAUSE NO. 103529-CV

| | | |
|---|---|---|
| MIKE JONES, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| vs. | § § | BRAZORIA COUNTY, TEXAS |
| GEOVERA SPECIALTY INSURANCE COMPANY, | § § § | _____ JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Mike Jones ("Mr. Jones"), Plaintiff herein, files this Original Petition against Defendant GeoVera Specialty Insurance Company ("GeoVera") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Mike Jones is a Texas resident who resides in Brazoria County, Texas.

2. GeoVera is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Texas Department of Insurance (TDI), via certified mail at P.O. Box 149104, Austin, TX 78714-9104. TDI shall then forward the citation to GeoVera, via certified mail, at 1455 Oliver Rd., Fairfield, California 94534.

### II.
### DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000, but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Brazoria County because all or a substantial part of the events or omissions giving rise to the claim occurred in Brazoria County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Brazoria County.

## V.
## FACTUAL BACKGROUND

7. Mr. Jones is a named insured under a property insurance policy issued by GeoVera.

8. On or about May 26, 2018 a storm hit the Manvel, Texas area, damaging Mr. Jones's house and other property. Mr. Jones subsequently filed a claim on his insurance policy.

9. Defendant improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, GeoVera performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

A. **Breach of Contract**

14. GeoVera had a contract of insurance with Plaintiff. GeoVera breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

B. **Prompt Payment of Claims Statute**

15. The failure of GeoVera to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

C. **Bad Faith**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

21. Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

22. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

D.  **Attorneys' Fees**

23. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because he is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

27. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

28. You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Mike Jones prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established

5

by a preponderance of the evidence, and that Mr. Jones be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Jones may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:   /s/ *Maria Gerguis*
     Maria Gerguis
     TBA No. 24090355
     mgerguis@dalyblack.com
     Richard D. Daly
     TBA No. 00796429
     rdaly@dalyblack.com
     ecfs@dalyblack.com
     2211 Norfolk St., Suite 800
     Houston, Texas 77098
     713.655.1405—Telephone
     713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
MIKE JONES**

Filed for Record
8/1/2019 9:19 AM
Rhonda Barchak, District Clerk
Brazoria County, Texas
103529-CV
Cathy Richard, Deputy

CAUSE NO. 103529-CV

| | | |
|---|---|---|
| MIKE JONES | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY | § | |
|     Defendant. | § | 149TH JUDICIAL DISTRICT |

## DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant GEOVERA SPECIALTY INSURANCE COMPANY (hereinafter "Defendant") and files this, its original answer and affirmative defenses and would respectfully show as follows:

### I. ORIGINAL ANSWER

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Original Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II. AFFIRMATIVE DEFENSES

2. Plaintiff's causes of action are barred, either in whole or in part, because they failed to state a claim upon which relief can be granted. Specifically, Plaintiff failed to describe how Defendant's alleged breach of contract converts Plaintiff's contractual claim into a cause of action against Defendant for alleged violations of the Insurance Code. Plaintiff's petition instead merely recites provisions of the Insurance Code and generically alleges that Defendant violated same. Absent any specific factual allegations of Insurance Code violations in Plaintiff's Petition, the petition does not support a claim upon which relief can be granted.

3. As to Plaintiff's claims alleging common law and statutory bad faith against Defendant, a *bona fide* controversy existed and continues to exist concerning the scope and amount of the allegedly covered loss and Plaintiff's entitlement to insurance benefits under the Policy. Defendant possesses the right to investigate questionable claims without facing bad faith liability. To the extent the Parties disagree as to the amount of covered damage, a *bona fide* dispute exists barring Plaintiff's extra-contractual claims.

4. Defendant pleads the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy as if such were fully set forth herein, *in extenso*. Under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

The Policy provides coverage for loss or damage to Plaintiff's property caused by specifically enumerated perils. To the extent Plaintiff's reported damages are caused by unnamed perils, Plaintiff's claims for same are barred.

5. To the extent that Plaintiff seeks compensation for property damages that pre-existed the date of loss at issue in this lawsuit, Defendant pleads that such damages are barred by the fortuity doctrine which bars known losses or losses in progress. Under the fortuity doctrine, coverage is precluded where the Plaintiff is, or should be, aware of an ongoing progressive loss or known loss at the time the policy is purchased. To the extent that Plaintiff seeks amounts from Defendant for damages from settlement, wear, tear and deterioration, pre-existing damages, or lack of maintenance which occurred prior to the inception of the policy, such damages are barred.

6. Defendant specifically denies that it waived or that it is estopped from asserting policy defenses or any other provision or requirement of the Policy based on any actions or conduct.

7. Defendant denies that the conditions precedent for a breach of contract action, DTPA cause of action, and Insurance Code cause of action have been met.

8. Defendant further pleads that Plaintiff failed to give proper notice under Tex. Ins. Code § 542A.003. Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit because it is an action on a claim under an insurance policy covering real property that arises from a force of nature. Plaintiff failed to give proper notice under Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees. Specifically, Tex. Ins. Code§ 542A.003 requires that Plaintiff provide written notice to Defendants no later than the 61st day before the date Plaintiff files an action to which Chapter 542A applies that must include:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Because Plaintiff failed to provide the required pre-suit notice, "The court shall abate the action of the court finds that the person filing the plea in abatement (1) did not, for any reason, receive a presuit notice complying with Section 542A.003…" Tex. Ins. Code §542A.005.

## DEMAND FOR JURY TRIAL

9. Defendant demands a jury trial in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant GEOVERA SPECIALTY INSURANCE COMPANY, respectfully prays that Plaintiff take nothing on its claims against Defendant, that Defendant recover its costs herein, and that it receive such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/ *Rhonda J. Thompson*
**Rhonda J. Thompson**
State Bar No. 24029862
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: rthompson@thompsoncoe.com

Of counsel:
**Susan Sparks Usery**
State Bar No.: 18880100
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
Email: susery@thompsoncoe.com

**Attorneys for Defendant**
**GEOVERA SPECIALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

  This is to certify that on the 1st day of August, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Maria Gerguis
Richard D. Daly
Daly & Black, PC
2211 Norfolk Street, Suite 800
Houston, Texas 77098
mgerguis@dalyblack.com
rdaly@dalyblack.com
ecfs@dalyblack.com
*Attorneys for Plaintiff*

                */s/ Rhonda J. Thompson*_____
                Rhonda J. Thompson